IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARNELL RASHAD HILL** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CAUSE NO. 3:22-cv-311 |
| | § | |
| **CONGREGATIONAL SECURITY, INC.** | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Darnell Rashad Hill ("Plaintiff") files this Complaint against Congregational Security Inc. ("CSI" or "Defendant"), showing in support as follows:

### I.

### NATURE OF THE CASE

1.  This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendants' failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven-day workweek as an employee of Defendant.

2.  Plaintiff started his employment with CSI in December, 2018 and remains employed as of this filing. Mr. Hill alleges that CSI is his employer under the FLSA relative to the claims in this lawsuit.

3.  Defendant employed Plaintiff as an hourly paid security officer, and controlled all of the terms and conditions of such employment, yet misclassified him as a 1099 employee.

4. Plaintiff routinely worked more than 40 hours per seven-day workweek as an employee of Defendants. However, Defendants did not pay Plaintiff any overtime premium wages for those overtime hours worked. Instead, Defendants generally paid Plaintiff straight time only based on Plaintiff's hourly rate of pay for all hours worked without paying him the overtime premium owed for corresponding overtime hours worked.

5. Plaintiff seeks all damages available under the FLSA, including unpaid overtime wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II.

## THE PARTIES, JURISDICTION, AND VENUE

**A.     Plaintiff Darnell Rashad Hill**

6. Plaintiff, a natural person who resides in Bedford, Texas in Tarrant County, Texas, has standing to file this lawsuit.

7. Plaintiff is employed by Defendant CSI, located at 3100 N. State Highway 161, Suite #300, Grand Prairie, Texas 75050, Dallas County, Texas.

8. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

**B.     Defendant Congregational Security, Inc.**

9. Congregational Security, Inc. is a Texas domestic for-profit Corporation.

10. Congregational Security, Inc. is registered with the Texas Secretary of State to conduct business operations in Texas.

11. At all times relevant to this lawsuit, CSI is and has been an "enterprise engaged in commerce" as defined by the FLSA.

12. At all times relevant to this lawsuit, CSI employed, and continues to employ, two or more employees.

13. At all times relevant to this lawsuit, CSI employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that have been moved in and/or produced for commerce by any person.

14. For example, CSI employed two or more employees who regularly performed the services of a security officer.

15. On information and belief, CSI has had annual gross sales or business volume in excess of $500,000 during the time period relevant to this lawsuit.

16. CSI may be served with summons through its registered agent, Billy R. Hill, at 5930 LBJ Freeway, Suite 310, Dallas, Texas 75240, or wherever found.

17. CSI possessed the power to hire and fire employees of CSI, including Plaintiff. For example, CSI hired Plaintiff.

18. CSI supervised and controlled work schedules for employees of CSI, including Plaintiff's work schedule. For example, CSI assigned Plaintiff his work hours, and schedule.

19. CSI controlled the conditions of employment for employees of CSI, including Plaintiff. For example, CSI was Plaintiff's direct supervisor who was in charge of Plaintiff's daily and weekly work conditions, work requirements, and work activities of employment.

20. CSI controlled the terms of employment, including the training, certification, and terms under which Plaintiff must meet and follow in order to work for CSI.

21. CSI determined the rate and method of payment for employees of CSI, including for Plaintiff. For example, CSI set Plaintiff's method and rate of pay at $17.00 per hour during the time period of Plaintiff's employment.

22. CSI maintained employment records of employees of CSI, including those related to Plaintiff.

**C.     Jurisdiction and Venue**

23.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

25.     During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continue to do business in the State of Texas.

26.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

27.     Venue is proper in this Court because Plaintiff's work for Defendants made the subject matter of this lawsuit occurred in this District and Division.

## III.

## FACTUAL BACKGROUND

28.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

29.     CSI is a security business that offers services related to assessing and maintaining security for businesses and church properties.  The business in Texas is located at 3100 N. State Highway 161, Suite #300, Grand Prairie, Texas 75050, Dallas County, Texas.

30.     Plaintiff was employed by Defendant since December, 2018, and remains employed as of the filing of this Complaint.

31.     Defendants employed Plaintiff as an hourly paid security guard associate. Plaintiff's hourly rate of pay during his employment with Defendants was $17.00 per hour,

regardless of the number of hours he worked in a seven-day work week.

32. Plaintiff routinely worked more than 40 hours per seven-day workweek as an employee of Defendant and worked on legal holidays.  However, Defendant did not pay Plaintiff any overtime premium wages for those overtime hours worked, or legal holidays. Instead, Defendant paid Plaintiff straight time only based on Plaintiff's hourly rate of pay for all hours worked without paying his the overtime premium owed for overtime hours and legal holidays worked.

## IV.

## CONTROLLING LEGAL RULES

33. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

34. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

35. "The FLSA defines an employee as any individual employed by an employer." *Lovo v. Express Courier Intl., Inc.*, 4:16-CV-853-Y, 2019 WL 387367, at *2 (N.D. Tex. Jan. 30, 2019) (citing 29 U.S.C. § 203(e)(1) (brackets and quotations omitted)). "Employer includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* (citing 29 U.S.C. § 203(d)). "[E]mploy means to suffer or permit to work." *Id.* (citing 29 U.S.C. § 203(g) (quotations omitted)). Accordingly, "the  definition of employee under the FLSA is particularly broad." *Id.* (citing *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008) (brackets omitted)).

36. Individual owners, officers, and/or managers may be liable, along with corporate employer, for FLSA damages to employees. *See, e.g., Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012). ("The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies."). To determine whether an individual or entity is an employer, the court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012) (citing *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir.2010)). At least one of those four elements needs to be present in order to show that an individual is an employer under the FLSA. *Gray*, 673 F.3d at 357.

37. "The joint employment doctrine treats a worker's employment by joint employers as one employment for purposes of determining compliance with the FLSA's wage and hour requirements." *Seong Song v. JFE Fran., Inc.*, 394 F. Supp. 3d 748, 754–55 (S.D. Tex. 2019) (citing *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 134 (4th Cir. 2017); 29 C.F.R. § 791.2(a) (quotations omitted)). "Under the FLSA, a single worker may stand in the relation of an employee to two or more employers at the same time." *Id.* at 754 (citing 29 C.F.R. § 791.2(a) (quotations and brackets omitted)). "If all the relevant facts establish that those employers are acting entirely independently of each other and are completely disassociated with respect to the employment of the employee, then they are treated as separate and distinct employers. *Id.* (quotation and citation omitted). "On the other hand, if the facts show that employment by one employer is not completely disassociated from employment by the other employer(s), then they are treated as joint employers." *Id.* (citing 29 C.F.R. § 791.2(a); *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983) (recognizing that the term "employer" "has been

interpreted to encompass one or more joint employers")).

38. "Thus, a finding of joint employment requires that the hours an employee works for each joint employer be aggregated for overtime pay purposes and that the joint employers be held jointly and severally liable for any failure to pay proper overtime compensation. *Id.* (citing *Wirtz v. Hebert*, 368 F.2d 139, 141 (5th Cir. 1966); *Mitchell v. John R. Cowley & Bro., Inc.*, 292 F.2d 105, 111–12 (5th Cir. 1961). "Joint employment is construed broadly, and labels and contractual terms used in a particular relationship are largely unimportant." *Id.* "Joint employment is construed broadly, and labels and contractual terms used in a particular relationship are largely unimportant." *Parker v. ABC Debt Relief, Ltd. Co.*, 3:10-CV-1332-P, 2013 WL 371573, at *4 (N.D. Tex. Jan. 28, 2013).

39. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

40. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

41. With a few limited exceptions, all remuneration given to an employee, including bonus pay, must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29

C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007).

42. "The employer bears the burden of demonstrating that certain payments should not be included in determining its employees' regular rate." *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009)). *See also*, *Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 330 (3d Cir. 2016) (The employer bears the burden of proof to establish that remuneration can be excluded from the regular rate of pay pursuant to one of the statutory exclusions set forth in 29 U.S.C. § 207(e)).

43. Failing to pay the required overtime premium for hours worked over 40 in a seven- day workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

## V.

## **FLSA CLAIMS**

44. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

45. Plaintiff was an employee of CSI pursuant to the FLSA. 29 U.S.C. § 203(e).

46. Plaintiff was an employee of CSI pursuant to the FLSA. *Gray*, 673 F.3d at 357.

47. CSI was an employer of Plaintiff relative to the claims in this lawsuit. *Wirtz*, 368 F.2d at 141.

48. At all times relevant, CSI is and/or has been an eligible and covered employer under the FLSA relative to Plaintiff's employment with Defendant. 29 U.S.C. § 203(d).

49. At times relevant, CSI is and/or has been an eligible and covered employer under the FLSA relative to Plaintiff's employment with Defendant. 29 U.S.C. § 203(d).

50. At times relevant, CSI is and/or has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

51. Plaintiff is a covered employee under 29 U.S.C. § 206(a) and 29 U.S.C. § 207(a)(1) relative to his employment with Defendant.

52. Plaintiff routinely worked in excess of 40 hours per seven-day workweek as an employee of Defendant. However, Defendant did not pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during Plaintiff's employment by Defendant.

53. The failure of Defendant to pay Plaintiff time and one-half his regular rate of pay for each and every hour worked over 40 in all applicable seven-day workweeks is a violation of the FLSA.

54. Defendant's violations of the FLSA are and/or were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant is and was aware that Plaintiff was not paid time and one-half his regular rate of pay for all hours worked over 40 in each and every seven-day workweek.  Plaintiff spoke to CSI about working overtime hours without being paid overtime premium pay, yet Defendant did not cease its practice of not paying Plaintiff overtime premium pay for his corresponding overtime hours worked, or for holidays worked.

55. Plaintiff seeks all damages available for CSI's failure to timely pay all his all FLSA overtime wages owed.

**VI.**

**JURY TRIAL DEMAND**

56. Plaintiff demands a trial by jury.

## VII.

## **DAMAGES AND PRAYER**

57. Plaintiff asks that she be awarded a judgment against CSI and/or order(s) from the Court for the following:

    a. All damages allowed by the FLSA, including back overtime wages;

    b. Liquidated damages in an amount equal to back FLSA mandated wages;

    c. Legal fees;

    d. Costs;

    e. Post-judgment interest; and

    f. All other relief to which Plaintiff is entitled.

*Respectfully submitted,*

KILGORE & KILGORE, PLLC

By:    Nicholas A. O'Kelly

NICHOLAS A. O'KELLY
State Bar No. 15241235
nao@kilgorelaw.com
Kilgore Law Center
3109 Carlisle Street
Dallas, TX  75204-2471
(214) 969-9099 - Telephone
(214) 953-0133 - Facsimile

***ATTORNEY FOR PLAINTIFF***