IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DARNELL RASHAD HILL,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:22-CV-311-L** |
| | § | |
| **CONGREGATIONAL SECURITY, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Entry of Default Judgment ("Motion") (Doc. 6), filed June 1, 2022. Plaintiff moves for default judgment on his claim under the Fair Labor Standards Act ("FLSA") for overtime wages and requests to recover damages totaling $75,000, attorney fees totaling $10,000, and $522.75 in costs. After considering the Motion, pleadings, and record, the court **grants in part and denies in part** the Motion (Doc. 6).

### I.  Factual and Procedural Background

This lawsuit was brought on February 8, 2022, by Darnell Rashad Hill ("Plaintiff") against his employer Congregational Security, Inc. ("Defendant"), as an action under the FLSA, 29 U.S.C. § 201, *et seq*. Plaintiff alleges in his Complaint that he has been employed by Defendant since December 2018 as a security guard associate for which he is paid $17 per hour regardless of the number of hours he works in a seven-day work week. Plaintiff further alleges that Defendant willfully violated the FLSA by failing to pay him one-and-one-half times his regular rate of pay ($17 per hour) for all time worked in excess of 40 hours, even after being notified of such failure by Plaintiff. As a result of Defendant's violations of the FLSA's overtime provisions, Plaintiff seeks "[a]ll damages allowed by the FLSA, including back overtime wages"; "[l]iquidated damages in an amount equal to back FLSA mandated wages"; "[l]egal fees"; "[c]osts"; "[p]ost-judgment interest"; and "[a]ll other relief to which [he] is

entitled." Pl.'s Compl. ¶ 57.  On June 1, 2022, Plaintiff moved for entry of default and default judgment (Doc. 6), seeking "actual damages for unpaid overtime premiums in the amount of $75.000[], costs in the amount of $522.75, and attorneys' fees in the amount of $10,000[], plus interest at a rate compounded annually at 5%."  Pl.'s Mot. 4.

## II. Discussion

### A. FLSA – Unpaid Wages and Liquidated Damages

The FLSA "establishes a standard 40-hour workweek by requiring employers to pay [nonexempt employees] 'time and a half' for any additional time worked." *Hewitt v. Helix Energy Sols. Group, Inc.*, 15 F.4th 289, 290 (5th Cir. 2021) (citing 29 U.S.C. § 207(a)).  "[B]bona fide executive, administrative, [and] professional" employees are exempted from the FLSA's overtime provisions. *Hewitt*, 15 F.4th at 290 (citing 29 U.S.C. § 213(a)(1)). Employees fall within these exempted categories if they: (1) "meet certain criteria concerning the performance of executive, administrative, and professional duties"; (2) "meet certain minimum income thresholds"; and (3) are "paid on a 'salary basis.'" *Hewitt*, 15 F.4th at 290-91.  "[A]lthough the duties criteria and income thresholds vary from exemption to exemption, the regulations apply the same salary-basis requirement to all four exemptions." *Id.*  Plaintiff alleges that he is paid on an hourly rather than a salary basis.  As a result, he is not an exempt employee under the FLSA and is entitled to overtime pay in accordance with the statute.  The FLSA creates a cause of action for violations of its overtime and other provisions. 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.").

### B. Motion for Default Judgment Legal Standard

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court entered a default against Defendant (Doc. 7) on June 1, 2022. Based upon the pleadings and information in the record, the court finds, that Defendant is not a minor, incompetent, or member of the United States military. Defendant, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, Defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* Based on the well-pleaded allegations in Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Defendant is in default, and that Plaintiff is entitled to a default judgment on his FLSA claim. Plaintiff's Motion is, therefore, **granted** with respect to Defendant's liability for his FLSA claim.

### C. Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citations omitted). Plaintiff contends that he is entitled to recover $75,000 in damages. As indicated, § 216(b) of the FLSA provides that an employer that fails to pay required overtime is liable for "the amount of . . . [an employee's] unpaid overtime compensation . . . and in an

**Memorandum Opinion and Order – Page 3**

additional equal amount as liquidated damages." It is unclear from Plaintiff's Motion and pleadings, however, how he arrived at the total damages amount requested. Consequently, he has not established the amount of damages owed by Defendant as a result of the alleged FLSA violations in his Complaint. The court, therefore, **denies without prejudice** his request to recover $75,000 in damages subject to his submitting additional information to substantiate the amount of damages sought. After receiving additional information, the court will determine whether a hearing on this issue is needed.

### D.      Attorney's Fees and Costs

In his Motion, Plaintiff requests attorney fees totaling $10,000 and $522.75 in costs. Under the FLSA, a prevailing plaintiff is entitled to reasonable attorney's fees and costs. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing 29 U.S.C. § 216(b) ("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant[.]")). To determine the appropriate amount of attorney's fees to be awarded, courts in this Circuit apply the "lodestar" method by "multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Black*, 732 F.3d at 502 (citations omitted). After calculating the lodestar, the court considers whether the figure should be adjusted upward or downward based on certain factors. *Id.* & n.7 (citation omitted). The party seeking attorney's fees has the burden of establishing the reasonableness of the number of hours and rates billed, along with any entitlement to an upward adjustment. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Plaintiff has not met his burden in this regard. Other than stating that $5,000 of the attorney's fees sought is for appellate purposes in the event an appeal is filed, no explanation or evidence was submitted to substantiate an award of attorney's fees in the amount sought or a finding that the number of hours spent by Plaintiff's counsel were reasonable and necessary for the successful prosecution of

**Memorandum Opinion and Order – Page 4**

this action. Similarly, no explanation or evidence was provided to support an award of costs. The court, therefore, **denies without prejudice** Plaintiff's request for an award of attorney's fees and costs in the amount allegedly incurred in prosecuting this action.

Further, while Plaintiff's counsel requests $5,000 in conditional appellate fees, he does not provide a legal or factual basis for this amount, and any estimated amount is speculative at this juncture. Thus, Plaintiff has not demonstrated a reasonable basis for the court to award the appellate fees requested. Plaintiff's request for a conditional award of appellate attorney's fees is, therefore, **denied**.

## III.     Conclusion

For the reasons explained, Plaintiff's Motion (Doc. 6) is **granted in part and denied in part.** The Motion is **granted** with respect to Defendant's liability for Plaintiff's FLSA claim; **denied without prejudice** with respect to his request for attorney's fees and costs allegedly incurred in prosecuting this action; and **denied** as to his request for an award of conditional appellate attorney's fees.

By **January 24, 2023**, Plaintiff shall file a supplemental motion and brief that include citations to legal authority justifying the damages, attorney's fees, and costs sought and are accompanied by evidence and documentation as needed to support his request to recover $75,000 in FLSA damages, together with attorney's fees and costs reasonably incurred in the prosecution of this action.  In other words, Plaintiff must provide the court with specific evidence as to how he computes damages, attorney's fees, costs, interest, and any other amount he is seeking. Failure to do so will result in the dismissal without prejudice of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute or comply with a court order.

**It is so ordered** this 10th day of January, 2023.

Sam A. Lindsay
United States District Judge